# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MICHELLE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER: |
| ) | _____ |
| THE LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and 29 U.S.C. § 1332(e)(1), Defendant The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel, hereby gives notice of removal of this action to the United States District Court for the Southern District of Texas.  This Court has federal question jurisdiction because Plaintiff Michelle Johnson seeks to recover insurance benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.  This Court also has diversity jurisdiction over this matter.  In support of this Notice of Removal, Lincoln states as follows:

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff commenced this civil action against Lincoln in the 164th Judicial District Court of Harris County, State of Texas, on June 26, 2020. The state court action is Case No. 202038364.

2. The 164th Judicial District Court of Harris County, State of Texas, is a state court within this judicial district.

3. Copies of all process and pleadings served upon Lincoln in this action to date are attached hereto as Exhibit A. There have been no other process, pleadings, or orders served to date or filed with the District Court of Harris County other than those attached.

4. Plaintiff's claims arise out of a dispute regarding disability benefits under a Group Long-Term Disability Insurance Policy issued by Lincoln to Plaintiff's employer, Memorial Hermann Health System, to fund, in part, the employee welfare benefit plan offered to eligible Memorial Hermann Health System employees (the "Plan"). *See* Ex. A at Petition, ¶ 12 and Ex. 1.

5. Plaintiff asserts a claim for breach of contract based on Lincoln's denial of benefits. *See* Ex. A at Petition, ¶¶ 16–18.

6. Lincoln was served with process on July 6, 2020, via its registered agent.

## II.   GROUNDS FOR REMOVAL

### A.   Federal Question Jurisdiction

7. This action is properly removable under 28 U.S.C. § 1441(a), which provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8. Pursuant to 28 U.S.C. § 1331, as amended, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Plaintiff's state law claim is completely preempted by ERISA as that claim "arise[s] under the laws of the United States and [is] removable to federal court by the defendants." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (internal quotations and citations omitted); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) ("state law actions displaced by the civil enforcement provisions of ERISA can be characterized as claims arising under federal law" and "such actions can properly be removed to federal court") (internal quotations and citations omitted).

10. Claims within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), are completely preempted and therefore removable. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209-14 (2004) ("any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); *Arana*, 338 F.3d at 437 ("state law claims seeking relief within the scope of ERISA's [civil enforcement provisions] are completely preempted").

11. Here, Plaintiff's claims fall directly within ERISA's civil enforcement provisions and are completely preempted. Specifically, Plaintiff alleges in her Petition that she is a participant in a long-term disability policy issued to and sponsored by her employer, Memorial Hermann Health System. *See* Ex. A at Petition, ¶ 12 and Ex. 1. The Memorial Hermann Health System Plan was funded, in part, by Group Long-Term Disability Insurance Policy No. 000860059929, issued by Lincoln to Memorial Hermann Health System (the "Policy). Memorial Hermann Health System made insurance premium payments under the policy. *See* Ex. A at Petition, Ex. 1 at Schedule of Benefits. Plaintiff's Petition alleges a claim for breach of contract on the basis that Lincoln allegedly improperly denied her claim for benefits under the Policy. *See* Ex. A at Petition, ¶¶ 16–18.

12. By seeking coverage and benefits under the Plan, Plaintiff's Petition seeks relief squarely within ERISA's civil enforcement provisions. *See* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought…(1) by a participant or beneficiary…(B) to recovery benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.").

13. Plaintiff's Petition is based solely on the allegation that she was not provided benefits under the Plan. As such, any obligations owed by Lincoln arise only from the Policy. Under Fifth Circuit law, this case is properly removable on the basis of federal question jurisdiction. *See Arana*, 338 F.3d at 439.

14. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 1132(e)(1), because Plaintiff's claims raise federal questions over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

    **B.**     **Diversity Jurisdiction**

15. This action is also properly removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

      **i.    There is completed diversity of citizenship.**

16.    This action involves "citizens of different states." 28 U.S.C. § 1332(a)(1).

17.    Lincoln is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Radnor, Pennsylvania. Accordingly, Lincoln is a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

18.    Upon information and belief, Plaintiff is a citizen of Texas. Plaintiff pleads that she is a resident of Houston, Texas. *See* Ex. A at Petition, ¶2. Plaintiff's pleading is *prima facie* evidence that Plaintiff is a citizen of Texas. *See Cooper v. Newell*, 155 U.S. 532, 533 (1895) ("They are averred in the petition to be residents. Residence is prima facie evidence of citizenship.").

19.    There are no other named defendants.

20.    Accordingly, complete diversity of citizenship of the parties to this action exists, and removal is therefore proper under 28 U.S.C. § 1332 and § 1441(b).

      **ii.    The amount in controversy exceeds $75,000.**

21.    The amount in controversy in this action clearly exceeds the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a).

22. Under § 1446(c)(2), where "removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a)," as the case is here, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith"); *Hampton Stave Co. v. Gardner*, 154 F. 805, 806 (8th Cir. 1907) ("Upon all questions of jurisdiction, the sum demanded, not the sum recovered, recoverable, or admitted, is the amount in dispute, unless the record proves to a legal certainty either that the sum demanded cannot be, as a matter of law, the amount in dispute, or that it is as a matter of fact a colorable and fictitious sum inserted in bad faith to invoke jurisdiction.").

23. Among other things, Plaintiff's Petition explicitly seeks "monetary relief of $100,000 – $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." *See* Ex. A at Petition, ¶ 6(a). Accordingly, the amount in controversy exceeds the jurisdictional amount of $75,000.[1]

24. Therefore, this case satisfies the amount in controversy requirement for this Court to exercise diversity jurisdiction. 28 U.S.C. § 1332(a).

---

[1] By asserting that the amount in controversy requirement is satisfied, Lincoln does not in any way waive or otherwise relinquish any of its claims or defenses in this action, all of which are expressly reserved. Lincoln denies that Plaintiff is entitled to any benefits.

## III. ALL OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

25. In addition to adequately demonstrating that federal question and diversity jurisdiction exist, Lincoln has satisfied all other requirements for removal.

26. In accordance with 29 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action is attached hereto, collectively, as Exhibit A.

27. Removal to this district is proper under 28 U.S.C. § 124 because this district embraces the District Court of Harris County, State of Texas, the forum in which the removed action was pending.

28. In accordance with 28 U.S.C. § 1446(d), Lincoln will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Filing Notice of Removal with the Clerk of the District Court of Harris County, State of Texas, where this action is currently pending.

29. Lincoln is the only defendant named in this action; therefore, no consent from another party is required.

30. Pursuant to Local Rule 81, a list of all counsel of record is attached hereto as Exhibit B.

31. Finally, removal of this action is timely. Lincoln was served with process in this action on July 6, 2020, via its registered agent. This removal is timely under 28 U.S.C. § 1446(b) because Lincoln filed this notice within thirty (30) days of such service. *See* 28 U.S.C. § 1446(b)(1).

**WHEREFORE**, Defendant, The Lincoln National Life Insurance Company, prays this Court will make any and all orders necessary to effect the removal of this action from the 164th Judicial District Court of Harris County, State of Texas, and will prepare the true record of all proceedings that may have been had in the state court.

Respectfully submitted this 27th day of July, 2020.

Respectfully submitted,

*/s/Melissa S. Gutierrez*
Melissa S. Gutierrez (Bar No. 24087648)
BRADLEY ARANT BOULT CUMMINGS LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4800
Houston, Texas 77002
713.576.0300 (tel)
713.576.0301 (fax)
mgutierrez@bradley.com

*Attorney for Defendant The Lincoln National Life Insurance Company*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by U.S. First Class Mail, postage pre-paid:

R. Talmadge Hammock
Kristin F. Munkittrick
Hammock Law Firm, PLLC
1002 Gemini, Suite 100
Houston, Texas 77058
*Counsel for Plaintiff*

/s/*Melissa S. Gutierrez*
OF COUNSEL