**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHELLE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER: 4:20-CV-02625** |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## LINCOLN'S ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant, The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel of record, and hereby answers Plaintiff's complaint as follows:

## DISCOVERY CONTROL PLAN LEVEL

1. The allegations in paragraph 1 are not directed at Lincoln and, therefore, no response is required. To the extent a response is required, Lincoln denies any wrongdoing and denies Plaintiff is entitled to any legal or equitable relief of any kind. Lincoln further states that this is an action governed by ERISA and that discovery should be limited to the administrative record and as provided by the law in this circuit.

## PARTIES AND SERVICE

2. Lincoln is without sufficient information to admit or deny the

allegations of paragraph 2 and, therefore, denies them.

3. Lincoln is without sufficient information to admit or deny the allegations of paragraph 3 and, therefore, denies them.

4. The allegations in the last sentence of paragraph 4 are not directed at Lincoln and, therefore, no response is required. To the extent a response is required, Lincoln denies any wrongdoing and denies Plaintiff is entitled to any legal or equitable relief of any kind. Lincoln admits the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5. Lincoln admits this action was removed to this Court and that this Court has jurisdiction.

6. Lincoln admits Plaintiff seeks the relief and damages described in paragraph 6, including subpart a. Lincoln denies Plaintiff is entitled to any legal or equitable relief of any kind.

7. Lincoln denies the allegations of paragraph 7.

8. Lincoln denies the allegations of paragraph 8.

9. Lincoln admits this action was removed to this Court and that it is subject to personal jurisdiction in this Court. Lincoln denies any wrongdoing.

10. Lincoln admits this action was removed to this Court and that it is subject to personal jurisdiction in this Court. Lincoln denies any wrongdoing.

11. Lincoln admits this action was removed to this Court and that venue is proper in this Court.

## FACTUAL ALLEGATIONS

12. Lincoln admits it issued a Group Long-Term Disability Insurance Policy ("Policy") to Plaintiff's employer, Memorial Hermann Health System, to fund, in part, the employee welfare benefit plan offered to eligible Memorial Hermann Health System employees (the "Plan") and that Plaintiff was a participant in the Plan. Lincoln further admits that a purported copy of the Policy is attached to Plaintiff's complaint as exhibit 1. With respect to the allegations in the last sentence of paragraph 12, Lincoln states that the claim file speaks for itself. Lincoln denies the allegations in this sentence to the extent they contradict or mischaracterize the claim file. Lincoln states it is without sufficient information to admit or deny the remaining allegations of paragraph 12 and, therefore, denies them.

13. Lincoln admits a purported copy of the March 22, 2017 letter is attached to Plaintiff's complaint as exhibit 2. Lincoln states that the claim file speaks for itself. Lincoln denies the remaining allegations of paragraph 13 to the extent they contradict or mischaracterize the claim file.

14. Lincoln states that the Policy speaks for itself. Lincoln denies the allegations of paragraph 14 to the extent they contradict or mischaracterize the Policy.

15. With respect to the allegations in the last two sentences of paragraph 15, Lincoln states that the claim file speaks for itself. Lincoln denies the allegations in these sentences to the extent they contradict or mischaracterize the claim file. Lincoln states it is without sufficient information to admit or deny the remaining allegations of paragraph 15 and, therefore, denies them.

**BREACH OF CONTRACT**

16. Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

17. Lincoln denies the allegations of paragraph 17.

18. Lincoln denies the allegations of paragraph 18.

**DAMAGES**

19. Lincoln admits Plaintiff seeks the damages described in paragraph 19. Lincoln denies Plaintiff is entitled to those damages or any legal or equitable relief of any kind.

**ATTORNEY'S FEES**

20. Lincoln denies that Plaintiff is entitled to attorney's fees. Any state law claim for attorney's fees is preempted by ERISA.

**ALTERNATIVE ALLEGATIONS**

21. The allegations in paragraph 21 are not directed at Lincoln and, therefore, no response is required. To the extent a response is required, Lincoln

denies any wrongdoing and denies Plaintiff is entitled to any legal or equitable relief of any kind.

In response to the unnumbered paragraph beginning with WHEREFORE, Lincoln denies that Plaintiff is entitled to any legal or equitable relief of any kind and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff’s complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff’s claims are barred by the terms of the Policy.

### THIRD DEFENSE

The terms and conditions of the Policy speak for themselves, are plain and unambiguous, and must be afforded their proper contractual language interpretation. Plaintiff is bound by the terms and conditions of the Policy.

### FOURTH DEFENSE

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, exclusions and offset provisions as provided for in the Policy.

### FIFTH DEFENSE

Plaintiff’s claims are barred because Lincoln has performed its obligations

under the contract.

## SIXTH DEFENSE

Lincoln’s conduct at all times material hereto was reasonable and in good faith. Lincoln possessed a reasonable basis for the denial of Plaintiff’s claim for benefits.

## SEVENTH DEFENSE

Plaintiff’s state law claims are preempted by ERISA.

## EIGHTH DEFENSE

Lincoln did not breach any duty or obligation allegedly owed to Plaintiff.

## NINTH DEFENSE

Lincoln denies Plaintiff has been damaged by Lincoln and demands strict proof thereof.

## TENTH DEFENSE

No action by Lincoln was the proximate cause or actual cause of injury to Plaintiff.

## ELEVENTH DEFENSE

Lincoln pleads that the transaction alleged was voluntarily undertaken, that Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by Plaintiff, that the terms of the contract were fully disclosed to Plaintiff, and that Plaintiff knowingly entered into the transaction, having either

understood the transaction or having failed to avail herself of the opportunity to understand the transactions.

**TWELFTH DEFENSE**

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). Plaintiff would not be entitled to an award of attorney's fees or costs incurred prior to the commencement of this action.

**THIRTEENTH DEFENSE**

Plaintiff's jury demand is improper under ERISA.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to punitive damages or any other extra-contractual damages under ERISA.

**FIFTEENTH DEFENSE**

Lincoln reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 3rd day of August, 2020.

Respectfully submitted,

*/s/Melissa S. Gutierrez*

Melissa S. Gutierrez (Bar No. 24087648)
BRADLEY ARANT BOULT CUMMINGS LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4800
Houston, Texas 77002
713.576.0300 (tel)
713.576.0301 (fax)
mgutierrez@bradley.com

*Attorney for Defendant The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification to the following:

R. Talmadge Hammock
Kristin F. Munkittrick
Hammock Law Firm, PLLC
1002 Gemini, Suite 100
Houston, Texas 77058
*Counsel for Plaintiff*

*/s/Melissa S. Gutierrez*
OF COUNSEL