**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHELLE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER: 4:20-CV-02625** |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

# JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

**1. State when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who conferred.**

Melissa Gutierrez, counsel for Defendant, and R. Talmadge Hammock, counsel for Plaintiff, conferred on September 3, 2020.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

There are no related cases in either state or federal court.

**3. Briefly describe what this case is about.**

Plaintiff alleges Defendant wrongfully denied her claim for benefits under an employee benefit plan.

**4. Specify the allegation of federal jurisdiction.**

Federal jurisdiction is proper as Plaintiff's claims are governed by the Employee Retirement Income Security Act ("ERISA").

**5. Name the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7. List anticipated interventions.**

None.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agree that, as an action for review on an administrative record, this action is exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B).

**10. Describe the proposed agreed discovery plan, including:**

The parties agree this action is governed by ERISA and that no discovery is necessary other than production of the administrative record. The parties propose a discovery deadline of November 30, 2020.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been undertaken to date.

**13. State the date the planned discovery can reasonably be completed.**

November 30, 2020.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties agree that the chances of settlement are fair.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have engaged in settlement communications.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

None.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff made a jury demand in her state court complaint.

**19. Specify the number of hours it will take to present the evidence in this case.**

Not applicable as the case will be decided on the briefs.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

The undersigned certify their certificates of interested persons were filed as follows:

Plaintiff: August 31, 2020 at doc. 5.
Defendant: August 25, 2020, at doc. 4.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

*<u>/s/R. Talmadge Hammock</u>* Date: September 3, 2020.

R. Talmadge Hammock
Kristin F. Munkittrick
Hammock Law Firm, PLLC
1002 Gemini, Suite 100
Houston, Texas 77058
281.667.4128 (tel)
thammock@hammocklawfirm.com
kristin@hammocklawfirm.com

*Counsel for Plaintiff*

*/s/Melissa S. Gutierrez*
Melissa S. Gutierrez (Bar No. 24087648)
BRADLEY ARANT BOULT CUMMINGS LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4800
Houston, Texas 77002
713.576.0300 (tel)
713.576.0301 (fax)
mgutierrez@bradley.com

*Attorney for Defendant*

Date: September 3, 2020.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:

R. Talmadge Hammock
Kristin F. Munkittrick
Hammock Law Firm, PLLC
1002 Gemini, Suite 100
Houston, Texas 77058
*Counsel for Plaintiff*

*s/Melissa S. Gutierrez*